JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-9011-RGK<br>5:16-cr-00129-RGK-1 | | Date | November 24, 2020 |
|---|---|---|---|---|
| Title | *Joshua Perez v. United States of America* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Motion Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (28 USC 2255)

CV[1]; CR [280]

## I.  INTRODUCTION

On September 24, 2020, Joshua Perez ("Perez") filed the present Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Motion"). In his Motion, Perez contests his sentence based on five claims of ineffective assistance of counsel. For the following reasons, the Court denies Perez's motion.

## II.  FACTUAL BACKGROUND

On April 11, 2017, a grand jury returned a verdict charging Perez, along with five other co-defendants with two counts of assaulting a federal officer, in violation of 18 U.S.C §§ 11(a)(1), (b), 2(a). Two of the co-defendants pled guilty. Perez and the remaining co-defendants went to trial.

A jury convicted Perez on one count of assaulting a federal officer. On April 16, 2018 the Court sentenced Perez to 60 months' imprisonment. Perez appealed to the Ninth Circuit and raised two issues: (1) the district court erred in instructing the jury that he could not claim self-defense for any portion of the assault that occurred once the officer tried to flee; and (2) because Perez did not cause "serious bodily injury" to the officer, the district court miscalculated his sentencing guidelines by applying section 2A2.2. The Ninth Circuit affirmed the conviction.

By way of the current motion, Perez argues that his sentence should be reduced, modified, or vacated because his counsel was ineffective.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-9011-RGK<br>5:16-cr-00129-RGK-1 | Date | November 24, 2020 |
|---|---|---|---|
| Title | *Joshua Perez v. United States of America* | | |

### III.   JUDICIAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255") a federal prisoner in custody may be released if the prisoner can show that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack, such as ineffective assistance of counsel. To obtain relief through a § 2255 motion, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982).

### IV.   DISCUSSION

Perez argues that he was denied effective assistance of counsel because his counsel failed to (1) obtain the enhanced surveillance footage of the incident; (2) request an "official duty" jury instruction; (3) object to the limited self-defense instruction; (4) argue the applicability of § 2A2.2 at sentencing; and (5) request a two-point reduction for acceptance of responsibility. The Court disagrees as to each of Perez's arguments.

To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). As to the first element, to demonstrate that counsel's performance was deficient, a petitioner must point to "acts or omissions of counsel" that are "not . . . the result of reasonable professional judgment." *Id.* at 690. Courts strongly presume counsel rendered adequate assistance and exercised reasonable professional judgment. *Id.* As to the second element, the petitioner must show that there is a *reasonable probability* that, but for counsel's deficient performance, the result of the proceedings would have been different. *Id.* at 694.

#### A.   Failure to obtain enhanced surveillance footage for trial

Perez argues that "[c]ounsel was ineffective for not being prepared for trial." (Pl. Mot. to Vacate at 5, ECF No. 1.) Specifically, Perez states that counsel "had a video specialist enhancing the surveillance footage" and "had promised that [enhanced surveillance] footage will be ready for trial." (Pl. Mot. to Vacate at 5.) According to Perez, unlike the footage shown at trial, the enhanced footage would have shown the start of the altercation. However, counsel failed to produce the enhanced footage, which would have provided evidence to refute the testimony offered against him.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-9011-RGK<br>5:16-cr-00129-RGK-1 | Date | November 24, 2020 |
|---|---|---|---|
| Title | *Joshua Perez v. United States of America* | | |

In determining whether counsel's performance fell below the objective standard of reasonableness, a court must inquire "whether counsel's assistance was reasonable considering all the circumstances," acknowledging the "wide latitude counsel must have in making tactical decisions." *See Strickland*, 466 U.S. at 688–89.

Here, counsel's failure to present the enhanced video footage at trial, on its face, does not amount to deficient performance that falls below the objective standard of reasonableness. The record shows that the jury did, in fact, see the surveillance footage, even though it was not the enhanced version. Perez has failed to demonstrate how counsel's decision not to present the enhanced version was unreasonable. Moreover, although the enhanced version allegedly includes more footage of the recording, Perez has failed to demonstrate how the extended footage would have resulted in a different outcome. In fact, the trial and appellate records indicate that the issue turned on various factors, only one of which was the evidence presented in the surveillance footage.

### B.   Failure to Raise Jury Instruction

Perez argues that counsel failed to properly raise an official duty jury instruction, failed to object at trial to the lack of such instruction, and failed to raise the issue on direct appeal.

A fair assessment of counsel's performance requires the Court to acknowledge the "wide latitude counsel must have in making tactical decisions" and evaluate counsel's performance from his perspective at the time. *Id.* at 688–89 & 694.

Contrary to Perez's argument that counsel failed to properly raise the issue, defense counsel filed a proposed "official duty" jury instruction, in writing, to the Court. (Reply Ex. 2, at 4, ECF No. 6-3.) After a brief discussion in the record, the Court found that the proposed instruction was improper. (Reply Ex. 4, at 19-22, ECF No. 6-5.) Counsel's decision to file the proposed instructions, and to not further pursue the issue once the Court excluded it, falls within the wide latitude of tactical decisions. Perez does not overcome the strong presumption that his counsel's performance was anything less than active and capable advocacy.

Additionally, counsel does not have a constitutional obligation to raise every issue requested by the criminal defendant on appeal. *Miller v. Keeney*, 882 F.2d 1428, 1434, n.10 (9th Cir. 1989). "[I]ndeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." *Id.* at 1434. Here, counsel's decision to not argue that the trial court needed to provide the "official duty" jury instruction on appeal was not unreasonable. Moreover, even if counsel's conduct fell below an objective standard of reasonableness, the record does not indicate, nor does Perez

JS6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:20-cv-9011-RGK<br>5:16-cr-00129-RGK-1 | Date | November 24, 2020 |
|---|---|---|---|
| Title | *Joshua Perez v. United States of America* | | |

independently show, a reasonable probability that the result of the proceeding would have been different.

### C. Failure to timely object to the limited self-defense instruction at trial

Perez contends that counsel's failure to timely object to the limited self-defense jury instruction at trial constituted ineffective assistance of counsel. Thereby "he forfeited movant De Novo review on direct appeal." (Pl. Mot. to Vacate at 5.)

In assessing counsel's performance, a court is required to eliminate the distorting effects of hindsight, reconstruct the circumstances surrounding counsel's performance, and evaluate the conduct from counsel's perspective at the time. *Strickland*, 466 U.S. at 694.

Assuming the Ninth Circuit would have reviewed the issue under a different standard of review had counsel objected, counsel's performance does not fall under the objective standard of reasonableness. Even if the failure to object reflected a lower quality of legal representation, the United States Constitution does not create or safeguard a right to excellent representation. Counsel was successful in obtaining self-defense jury instruction. Perez failed to show that from counsel's perspective at the time of trial, it was unreasonable for counsel to fail to object to the limited jury instruction the Court submitted after lengthy discussions at trial. (Reply Ex. 4, at 18-22.)

### D. Failure to object to section 2A2.2 at sentencing

Perez additionally argues that counsel's failure to object to the U.S.S.G § 2A2.2 enhancement at sentencing also constituted ineffective assistance of counsel. As discussed, the Court considers all the circumstances to determine whether counsel's assistance was reasonable and recognizes counsel's discretion to make professional and strategic decisions. *See Strickland*, 466 U.S. at 688–89.

At sentencing, counsel raised the issue and zealously advocated to exclude the § 2A2.2 enhancement. (Reply Ex. 3, at 3–8 ECF No. 6-4; Ex. 5, at 16–20, ECF No 6-6.) Even if the Court assumes that Counsel could have done more, the record shows that the result would remain unchanged. On appeal, the Ninth Circuit found that "the district court's finding survived either clear-error or abuse of discretion review." *Perez*, 796 F. App'x at 359. Accordingly, Perez has not met his burden to show that there is a reasonable probability that the results would have been different.

JS6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:20-cv-9011-RGK<br>5:16-cr-00129-RGK-1 | Date | November 24, 2020 |
|---|---|---|---|
| Title | *Joshua Perez v. United States of America* | | |

### E. Failure to request a two-point reduction for acceptance of responsibility

Lastly, Perez argues that he received ineffective assistance of counsel because counsel failed to request a two-point reduction in his sentence for acceptance of responsibility. To support his contention, Perez points to the fact that in his testimony at trial, he admitted to "getting into a scuffle and swinging at [the officer]." (Pl. Mot. to Vacate at 8.)

Section 3E1.1 provides that "If the defendant clearly demonstrates acceptance of responsibility for his offense, [the sentencing court may] decrease the offense level by two-levels. U.S.S.G. § 3E1.1(a). "This adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial." U.S.S.G. § 3E1.1 Application Note 2.

Counsel is not required to raise meritless legal arguments. *United States. v. Baumann*, 692 F.2d 565, 572 (9th Cir. 1982). Here, Perez's contention is meritless. Although Perez may have admitted to the conduct of "getting into a scuffle," this fails to qualify Perez for the reduction. Perez did not clearly express remorse or take responsibility for his offense. Moreover, the sentencing judge is given deference in sentencing decisions, especially regarding the evaluation of acceptance of responsibility. *See* U.S.S.G. § 3E1.1 Application Note 5.

### V. CONCLUSION

Based on the foregoing, the Court **DENIES** Perez's Motion.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre |